UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LEIDIANA DOMINGUEZ and RAUL SOSA
*on behalf of themselves and others similarly situated*
*in the proposed FLSA Collective Action,*

                              Plaintiffs,         **REPORT AND**
                                              **RECOMMENDATION**
        -against-                     22-CV-04730-DLI-SJB

4 GIRON CONSTRUCTION INC., ROSALINA
GUARDADO, and EFRAIN DOE *a/k/a* FRANCISCO DOE,

                              Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

On August 11, 2022, Plaintiffs Leidiana Dominguez ("Dominguez") and Raul Sosa ("Sosa") (collectively, "Plaintiffs") brought this action against Defendants 4 Giron Construction Inc., ("Giron"), Rosalina Guardado ("Guardado") (collectively, "Defendants"), and Efrain "Doe" *a/k/a* Francisco "Doe" ("Doe"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and the New York Labor Law ("NYLL"). (Compl. dated Aug. 11, 2022 ("Compl."), Dkt. No. 1). After Defendants failed to appear and defaulted, Plaintiffs moved for default judgment. (Pls.' Mot. for

Default J. dated Nov. 15, 2023 ("Default J. Mot."), Dkt. No. 23).[1]  For the reasons stated

below, it is respectfully recommended that the motion be granted and damages be

awarded as detailed herein.

<u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

4 Giron Construction Inc. ("Giron"), a construction company, is a New York

corporation with its principal place of business in Brooklyn.  (Compl. ¶¶ 6, 12).

Plaintiffs allege that Guardado is an owner or officer of Giron who had control of the

operations of the business.  (*Id.* ¶¶ 17–18).  Guardado determined wages and schedules

of employees, maintained employee records, and had the power to hire and fire

company employees.  (*Id.* ¶ 19).

Both Plaintiffs were employed by Defendants as manual workers and laborers

from March 24 to April 14, 2022. (*Id.* ¶¶ 37, 39, 41–42, 44).  During that period, they

worked four days a week, from 8:00 A.M. to 9:00 P.M., totaling 13 hours per day and

approximately 52 hours each week.  (*Id.* ¶¶ 38–39, 43–44; Aff. of Raul Sosa dated Nov.

15, 2023 ("Sosa Aff."), Dkt. No. 27 ¶ 7; Aff. of Leidiana Dominguez dated Nov. 15, 2023

---

[1] The Doe Defendant was never served, as required by Federal Rule of Civil
Procedure 4(m), and has not been identified.  Plaintiffs do not move for default
judgment against Doe, nor have they sought voluntary dismissal.  Within 14 days of the
adoption of this R&R, Plaintiffs are directed to show good cause for their failure to
timely serve the Doe Defendant.  Failure to demonstrate such cause will result in
dismissal of the claims against the Doe Defendant. Fed. R. Civ. P. 4(m) ("[T]he court . . .
must dismiss the action without prejudice[.]"); *Cioce v. Cnty. of Westcheste*r, 128 F.
App'x 181, 183 (2d Cir. 2005) ("Rule 4(m) provides that the district court shall, upon
motion or on its own initiative after notice to the plaintiff, dismiss without prejudice any
action in which service of the summons and complaint has not been made[.]"); *e.g.*,
*Klein v. Zugabie*, No. 20-CV-1975, 2021 WL 5313708, at *2 (2d Cir. Nov. 16, 2021)
("[T]he District Court also properly dismissed Klein's malicious prosecution and
conspiracy claims against police officers Beltempo and Scorziello because they were
never served with a summons.").

("Dominguez Aff."), Dkt. No. 26 ¶ 7). Plaintiffs allege that they were not paid any wages, regular or overtime, for their work. (Compl. ¶¶ 40, 45, 47, 56; Sosa Aff. ¶¶ 8–9; Dominguez Aff. ¶¶ 8–9). Plaintiffs were not required to keep track of their time, and to their knowledge, Defendants did not use any time tracking device that recorded the hours worked. (Compl. ¶ 52).

They commenced this action against Giron, Guardado, and Doe on August 11, 2022. (Compl.). In the Complaint, Plaintiffs allege: (1) failure to pay minimum wage under FLSA and NYLL; (2) failure to pay overtime wages under FLSA and NYLL; (3) failure to pay spread-of-hours under NYLL; (4) failure to provide wage notices under NYLL § 195(1); (5) failure to provide wage statements under NYLL § 195(3); and (6) failure to pay timely wages under NYLL § 191(1)(a). (Compl. ¶¶ 61–95).[2]

Plaintiffs served Giron with a summons and the Complaint on May 2, 2023, through the Secretary of State. (Summons Returned Executed dated May 4, 2023, Dkt. No. 17). Guardado was served with a summons and Complaint pursuant to N.Y. C.P.L.R. § 308(2) at her place of business on May 1, 2023. (Summons Return Executed dated May 2, 2023, Dkt. No. 18). The process server attested to leaving a summons and Complaint with a "John Doe," who refused to provide his name. (*Id.*). On May 2, 2023, within 20 days of this service, the process server mailed a copy of a summons and

---

[2] Plaintiffs did not move for default judgment on their claims for failure to provide wage notices under NYLL § 195(1), failure to provide wage statements under NYLL § 195(3), or failure to pay timely wages under NYLL § 191(1)(a). (*See generally* Mem. of Law in Supp. of Pls.' Mot. for Default J. ("Pls.' Mem. of Law"), Dkt. No. 24). Accordingly, those claims should be dismissed. *See Root Bros. Farms v. Big Big Produce, Inc.*, No. 21-CV-1962, 2022 WL 4586185, at *8 (E.D.N.Y. Aug. 2, 2022), *report and recommendation adopted*, 2022 WL 4586350, at *1 (Sept. 29, 2022).

Complaint, marked "personal and confidential," through the U.S. Postal Service to Guardado's place of business, and proof of service was filed on May 5, 2023. (*Id.*).

Giron and Guardado failed to appear, answer, or otherwise respond to the Complaint. Plaintiffs sought certificates of default against both Defendants, (Req. for Certificate of Default dated June 8, 2023, Dkt. No. 19), which the Clerk of Court granted. (Clerk's Entry of Default dated June 14, 2023 ("Clerk's Entry of Default"), Dkt. No. 20). The present motion against Defendants Giron and Guardado followed. (Default J. Mot.).

Plaintiffs seek recovery of: (1) $4,954.28 in unpaid minimum and overtime wages; (2) $360 in unpaid spread-of-hours; (3) $5,314.28 in liquidated damages; (4) $11,115.00 in attorney's fees and $865.55 in costs; (5) pre-judgment interest, and (6) post-judgment interest. (Proposed Default J., attached as Ex. F to Decl. of Jason Mizrahi in Supp. of Mot. for Default J. ("Mizrahi Decl."), Dkt. No. 25-6 at 5; *see* Compl. ¶ 70).

DISCUSSION

I.    Entry of Default

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. *See Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and recommendation). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment

against that defendant. Fed. R. Civ. P. 55(b)(2). The Clerk of Court entered a default against Giron and Guardado on June 14, 2023. (Clerk's Entry of Default).

The next question, before reaching liability or damages, is whether Defendants' conduct is sufficient to warrant entry of a default judgment. In determining whether to enter a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001). These factors are "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003).

*First*, Defendants' failure to respond to the Complaint demonstrates their default was willful. *See, e.g.*, *Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding that the defendants' non-appearance and failure to respond "indicate willful conduct" and granting plaintiff default judgment against them). Giron and Guardado were properly served with a copy of a summons and Complaint. (Summons Returned Executed dated May 4, 2023, Dkt. No. 17; Summons Return Executed dated May 2, 2023, Dkt. No. 18). The motion for default judgment and supporting papers were also served on Defendants on October 30, 2023, and the same was mailed to Giron's last known business address and Guardado's last known residential address. (Affirm. of Service dated Nov. 15, 2023, attached as Ex. G to Mizrahi Decl., Dkt. No. 25-7). Notwithstanding this notice and service, Defendants did not respond to the Complaint, did not appear, and have not in any way attempted to

defend themselves.  *See, e.g.*, *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946, 2015 WL 1299259, at *6 (E.D.N.Y. Mar. 23, 2015) (adopting report and recommendation) ("Defendant has not responded to Plaintiffs' motion for default judgment, has not appeared in this action, and has not communicated with the Court in any way.  Accordingly, Defendant's failure to answer the Complaint and to respond to the instant motion is sufficient to establish willfulness.").

*Second*, the Court cannot conclude there is any meritorious defense to Plaintiffs' allegations because Defendants did not appear, and no defense has been presented to the Court.  *E.g.*, *United States v. Hemberger*, No. 11-CV-2241, 2012 WL 1657192, at *2 (E.D.N.Y. May 7, 2012); *Indymac Bank*, 2007 WL 4468652, at *1.

*Third,* Plaintiffs would be prejudiced if the motion for default judgment were denied, "as there are no additional steps available to secure relief in this Court."  *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008), *report and recommendation adopted*, Order (Jan. 26, 2009); *Sola Franchise Corp.*, 2015 WL 1299259, at *15 (finding the prejudice element was met because "[w]ithout the entry of a default judgment, Plaintiffs would be unable to recover for the claims").

As a result, all three factors weigh in favor of the entry of default judgment.  The Court now turns to the liability imposed, damages, and other relief to be awarded.

II.  Liability

In deciding a motion for default judgment, a court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in [his or her] favor."  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  A party's default is deemed an admission of all well-pleaded allegations of liability.  *See Greyhound*

*Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Morales v. B&M Gen. Renovation Inc.*, No. 14-CV-7290, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482, at *2 (Mar. 29, 2016). "Only after the district court is convinced that the facts meet the elements of the relevant cause of action—whether those facts are established by well-pleaded allegations or proven by admissible evidence—may the district court enter a default judgment." *Henry v. Oluwole*, No. 21-CV-2468, 2024 U.S. App. LEXIS 17218, at *20 (2d Cir. July 15, 2024).

"Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *LaBarbera v. ASTC Laby's Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (adopting report and recommendation) (citation and quotations omitted); *see also* 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2688.1 (4th ed. 2022) ("Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." (footnote omitted)). "[T]he court must accept all well-pleaded allegations in the complaint as true, except those pertaining to the amount of damages." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 675 (S.D.N.Y. 2011) (first citing Fed. R. Civ. P. 8(b)(6); and then citing *Romanowicz*, 577 F.3d at 83 n.6).

As discussed below, the Court respectfully recommends that Defendants be found liable for violations of the minimum wage provisions of FLSA and NYLL, the overtime provisions of FLSA and NYLL, and the spread-of-hours provision of NYLL.

A.  Unpaid Minimum Wages Claims under FLSA and NYLL

Plaintiffs allege that Defendants failed to pay them the required minimum hourly rate under FLSA and NYLL.  Both FLSA and NYLL require employers to pay employees at least federal or state minimum wage for each hour worked.  29 U.S.C. § 206(a)(1); NYLL § 652(1).  Further, where a state's minimum wage is higher than the federal minimum wage, the employer must pay the state minimum wage to satisfy FLSA's minimum wage requirement.  29 C.F.R. § 778.5; *see* 29 U.S.C. § 218; *Martinez v. Alimentos Saludables Corp.*, No. 16-CV-1997, 2017 WL 5033650, at *15 (E.D.N.Y. Sept. 22, 2017).

Plaintiffs allege that they were not paid any wages from March 24 to April 14, 2022, while working four days a week for 13 hours per day.  (Compl. ¶¶ 37–39, 41–45, 47, 56; Sosa Aff. ¶¶ 7–9; Dominguez Aff. ¶¶ 7–9).  Based on these undisputed allegations in the Complaint, the Court finds Defendants liable for minimum wage violations under FLSA and NYLL.

B.  Unpaid Overtime Wages Claims

Plaintiffs allege that Defendants violated the overtime provisions of both FLSA and NYLL.  (Compl. ¶¶ 65–70, 75–80).  The Court finds that Plaintiffs have established liability under both statutes.

FLSA's overtime wage requirement provides that an employee working "in excess of" 40 hours in a given workweek be compensated for that "excess work 'at a rate not

less than one and one-half times the regular rate at which he is employed[.]'"[3] *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)). Similarly, NYLL's overtime provision specifies that eight hours constitutes a "legal day's work," NYLL § 160(3), and that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate." 12 N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") tit. 12, § 142-2.2.

Plaintiffs allege that they both worked 52 hours per week for Defendants. (Compl. ¶¶ 38–39, 43–44). And because they were not paid at all, they were not paid at wages at a rate of time and a half for their hours worked in excess of 40 hours per week. (*Id.* ¶¶ 40, 45, 46, 56). Based on these undisputed allegations, the Court finds that Defendants are liable for violations of both FLSA and NYLL's overtime provisions.

D. <u>NYLL Spread of Hours Claim</u>

Under NYLL, employees are entitled to recover an hour's pay at the minimum wage for every day the employees work more than 10 hours. 12 N.Y.C.C.R. § 142-2.4.

Plaintiffs allege they worked 13 hours per day, four days per week, without receiving one hour's pay at the minimum wage rate for any day that they worked a spread of over 10 hours. (Compl. ¶¶ 38–39, 43–44). Based on these undisputed allegations, the Court finds that Defendants are liable for violations of NYLL's spread-of-hours provision. *See, e.g.*, *Reyes v. Tacos El Gallo Giro Corp.*, No. 20-CV-3474, 2022

---

[3] In other words, under FLSA, unpaid overtime wages are calculated by first determining the employee's regular hourly rate, and then multiplying that number by 1.5. The regular hourly rate is determined by "dividing the salary by the number of hours which the salary is intended to compensate," 29 C.F.R. § 778.113(a), or the applicable minimum wage if the regular rate falls below the applicable minimum. *Id.* § 778.5.

WL 940504, at *8 (E.D.N.Y. Jan. 25, 2022), *report and recommendation adopted*, 2022 WL 939769, at *1 (Mar. 29, 2022).

III.    <u>Damages</u>

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup*, 973 F.2d at 158. "Although the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Griffiths v. Francillon*, No. 10-CV-3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (quotations and citations omitted), *report and recommendation adopted*, 2012 WL 1354481, at *2 (Apr. 13, 2012). "The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1992)). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (adopting report and recommendation) (collecting cases).

That being said, because under FLSA "[t]he burden is on an employer properly to record hours," a "plaintiff need not compute FLSA damages with precision." *Harold Levinson Assocs., Inc. v. Chao*, 37 F. App'x 19, 20–21 (2d Cir. 2002). An employee may meet her burden of showing the amount and extent of her hours worked through her own recollection. *See Pineda*, 831 F. Supp. at 674. As such, "[i]n a FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked

are presumed to be correct." *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08-CV-6071, 2009 WL 289653, at *3 (S.D.N.Y. Jan. 30, 2009) (collecting cases), *report and recommendation adopted*, 2009 WL 513371, at *1 (Feb. 27, 2009); *see also McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015) (holding that district court did not abuse its discretion by failing to hold a hearing to determine damages where the court relied on "a single affidavit only partially based upon real numbers" (citations omitted)).

A. Unpaid Minimum Wages

Although Defendants are liable under both FLSA and NYLL for failing to pay Plaintiffs the minimum wage, *supra* pp.8, Plaintiffs cannot recover unpaid wages under both statutes for any period of overlapping work. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 49 n.15 (E.D.N.Y. 2015) ("Plaintiffs may not recover for unpaid wages under both statutes[.]"). NYLL requires that an employee be paid at or above the state minimum wage rate. *See* NYLL § 652(1)(a). During 2022, Plaintiffs Sosa and Dominguez were not paid *any* wages and thus were paid below the applicable New York State minimum wage. The Court's calculations of the Plaintiffs unpaid minimum wages are set out below.

| Time Period | Hourly Wage Paid to Plaintiff | Minimum Wage Under NYLL | Applicable Minimum Wage Per Hour | Regular Hours Worked Per Week | Weeks Worked | Total Regular Hours Worked | Total Unpaid Minimum Wage Under NYLL |
|---|---|---|---|---|---|---|---|
| 2022 | $0.00 | $15.00 | $15.00 | 40 | 3 | 120 | $1,800 |
| | | | | | | Total | $1,800 |

Because Plaintiffs allege that they worked the same hours, the Court recommends awarding each Plaintiff $1,800.00 in unpaid minimum wages.[4]

B. Unpaid Overtime Wages

Both federal and state law require that employers pay employees a 50% premium for their overtime hours—that is, the hours in excess of 40 that they have worked in each work week. 29 C.F.R. § 778.105; N.Y.C.R.R. tit. 12, § 146-1.4. Like above, Plaintiffs cannot recover unpaid overtime compensation under both statutes for any period of overlapping work. *See Pinzon v. Paul Lent Mech. Sys. Inc.*, No. 11-CV-3384, 2012 WL 4174725, at *3 (E.D.N.Y. Aug. 21, 2012) (holding that a plaintiff may "not double dip" or obtain a "double recovery" of unpaid overtime wages under FLSA and the NYLL), *report and recommendation adopted*, 2012 WL 4174410, at *1 (Sept. 19, 2012). "If a plaintiff is entitled to damages under both federal and state wage law, the Court has discretion to award [that plaintiff] damages under the statute providing the greatest amount of relief." *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017) (alteration in original) (quotations omitted), *aff'd*, 752 F. App'x 33, 37 (2d Cir. 2018).

As explained herein, the Court recommends each Plaintiff be awarded $810.00 in unpaid overtime wages.

Plaintiffs allege they worked from March 24, 2022, to and including April 14, 2022, for approximately 52 hours each week, of which 12 hours would constitute overtime. (Compl. ¶¶ 39, 44). The NYLL minimum hourly rate of pay during this time

---

[4] Plaintiffs' calculations combine all unpaid wages and seek $2,657.14 for each Plaintiff. (Damages Calculations ("Damages Calculations"), attached as Ex. A to Mizrahi Decl., Dkt. No. 25-1).

was $15.00.  The overtime hourly rate is 1.5 times the hourly rate; therefore, Plaintiffs are owed $22.50 for each overtime hour worked over the relevant period.

The Court's calculations are set out below.

|  | March 24–April 14, 2022 |
|---|---|
| Hours Worked Per Week | 52 |
| Wages Received | $0.00 |
| NYLL Regular Hourly Rate | $15.00 |
| NYLL Overtime Rate | $22.50 |
| Weekly Overtime Hours | 12 |
| Weekly Overtime Wages Owed | $270.00 |
| Weeks Worked | 3 |
| Total Overtime Wages Owed | $810.00 |

The Court recommends that each Plaintiff be awarded $810.00 in unpaid overtime damages.

C. Unpaid Spread of Hours Under NYLL

Plaintiffs seek recovery for Defendants' spread-of-hours violations.  (Compl. ¶¶ 81–84).  Pursuant to NYLL, employees are entitled to "receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours."  12 N.Y.C.R.R. § 142-2.4(a); *see Vazquez v. 142 Knickerbocker Enter., Corp.*, 409 F. Supp. 3d 81, 87 (E.D.N.Y. 2018).

The Court calculates the spread-of-hours pay owed to Plaintiffs as set out below.

| Pay Period | Week | Spread of Hours Days Per Week | Actual Houry Rate | Applicable Min. Wage | Spread of Hours Wages Owed |
|---|---|---|---|---|---|
| March 24-March, 31, 2022 | 1 | 4 | $0.00 | $15.00 | $60.00 |
| April 1-April 7, 2022 | 2 | 4 | $0.00 | $15.00 | $60.00 |
| April 8-April 14, 2022 | 3 | 4 | $0.00 | $15.00 | $60.00 |
|  |  | Total unpaid spread-of-hours wages | | | $180.00 |

The Court thus recommends that each Plaintiff be awarded $180.00 in unpaid spread of hours wages.

C.  Liquidated Damages

Plaintiffs seek liquidated damages under NYLL.[5]  (Pls.' Mem. of Law at 11–12).

An employee can recover liquidated damages under NYLL "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law."  NYLL § 198(1-a).  For all NYLL claims that accrued on or after April 9, 2011, an employer is liable for liquidated damages equal to one hundred percent of the total amount of wages found to be due.  *Id.* § 663(1).

In light of the default by Defendants, there has been no showing that they acted in good faith or that the Court should exercise its discretion to deny liquidated damages. *See Brock v. Wiliamowsky*, 833 F.2d 11, 19 (2d Cir. 1987) (noting that employer bears burden of establishing good faith defense under § 260 through "plain and substantial evidence"); *Khan v. IBI Armored Servs.*, Inc., 474 F. Supp. 2d 448, 459 (E.D.N.Y. 2007) ("Simply put, double damages are the norm, single damages the exception, the burden on the employer." (quotations and citation omitted)); *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234, 2016 WL 4704917, at *15 (S.D.N.Y. Sept. 8, 2016), *report and recommendation adopted*, 2016 WL 6879258, at *1 (Nov. 21, 2016).

Based on the recommendation that Plaintiffs each be awarded $1,800.00 in unpaid minimum wages, $810.00 in unpaid overtime wages, and $180.00 in spread-of-

---

[5] Though the memorandum of law states that "Plaintiffs are entitled to an award of liquidated damages under the FLSA," they also request pre-judgment interest, which they acknowledge can only be awarded where liquidated damages are calculated under NYLL.  Accordingly, the Court concludes Plaintiffs intended to recover liquidated damages under NYLL.  (Pls.' Mem. of Law at 12).

hours compensation (a total of $2,790.00),[6] the Court recommends that each Plaintiff be awarded $2,790.00 in liquidated damages.

D. Pre-Judgment Interest

Plaintiffs also seek pre-judgment interest under NYLL. (Pls.' Mem. of Law at 12, 14–15). "NYLL permits the award of both liquidated damages and pre-judgment interest." *Fermin v. Las Delicias Peruanas Rest., Inc*, 93 F. Supp. 3d 19, 48 (E.D.N.Y. 2015).[7] Plaintiffs are each entitled to an award of pre-judgment interest on their NYLL damages at a rate of 9% per year. N.Y. C.P.L.R. § 5004. Where, as here, unpaid wages are "incurred at various times, interest shall be computed . . . from a single reasonable intermediate date." *Id.* § 5001(b); *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12-CV-4760, 2013 WL 6021668, at *15 (E.D.N.Y. Nov. 13, 2013) (adopting report and recommendation). Courts have discretion in choosing a reasonable date from which to calculate pre-judgment interest. *See Fermin*, 93 F. Supp. 3d at 49 ("Courts applying N.Y. CPLR § 5001 have wide discretion in determining a reasonable date from which to award pre-judgment interest[.]" (quotations omitted)). The most commonly used intermediate date is the "median date between the earliest ascertainable date the cause of action existed and the date the action was filed[.]." *See, e.g.*, *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 93 (E.D.N.Y. 2012) (collecting cases).

_____

[6] The Court's calculation differs from Plaintiffs' total calculation of $2,657.14. (Damages Calculation at 2–3). Plaintiffs' damages calculations appear to be erroneous, and although a party may seek fewer damages than he is entitled to, Plaintiffs clearly seek a full 100% of liquidated damages.

[7] Pre-judgment interest is calculated based on the unpaid wages due under NYLL only, not on liquidated damages. *See Jin Li v. W. Metal Work & Supply, Inc.*, No. 17-CV-1015, 2019 WL 2436275, at *6 n.7 (E.D.N.Y. Feb. 27, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 56849, at *1 (Mar. 29, 2019).

Plaintiffs began working for Defendants on March 24, 2022 and ended their employment after completing work on April 14, 2022. (Compl. ¶¶ 39, 44). The Complaint was filed on August 11, 2022. There are 140 days between these dates. Half of 140 is 70; 70 days from March 24, 2022 is June 2, 2022. The Court recommends that pre-judgment interest be awarded to Plaintiffs by the Clerk of Court in a daily amount of $0.69 per day from June 2, 2022, until the date final judgment is entered.[8]

### E. Post-Judgment Interest

Plaintiffs also request post-judgment interest pursuant to 28 U.S.C. § 1961. (*See* Compl. ¶ 80). "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (quoting 28 U.S.C. § 1961(a)). The Court therefore recommends a post-judgment interest award on the total damages, at the rate set forth in 28 U.S.C. § 1961, calculated from the date on which the Clerk of Court enters judgment until the date of payment. *See Fermin*, 93 F. Supp. 3d at 53 (listing cases and awarding post-judgment interest in FLSA cases).

### IV. Attorney's Fees and Costs

It is well-settled that FLSA and NYLL provide for an award of reasonable attorney's fees and costs to a prevailing plaintiff. *See* 29 U.S.C. § 216(b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); NYLL § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee or

---

[8] The total amount per Plaintiff ($2,790.00) at nine percent annually results in approximately $251.10 per year in interest, or $0.69 per day per plaintiff (rounded) based on 365 days per calendar year.

the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees[.]").  By virtue of the entry of default judgment, Dominguez and Sosa are prevailing plaintiffs.  The "starting point" for determining the amount of attorney's fees to be paid by Defendants is calculation of the "lodestar," which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

When assessing whether legal fees are reasonable, the Court determines the "presumptively reasonable fee" for an attorney's services by examining what reasonable clients would be willing to pay.  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008).  To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed.  *Id.*  The next step is to determine the reasonableness of the hours expended by counsel.  *See, e.g.*, *LaBarbera v. Empire State Trucking, Inc.*, No. 07-CV-669, 2008 U.S. Dist. LEXIS 125161, at *9 (E.D.N.Y. Feb. 26, 2008), *report and recommendation adopted*, 2008 U.S. Dist. LEXIS 21770, at *3 (Mar. 17, 2008). The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary.  *See, e.g.*, *LaBarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387, 2009 WL 240521, at *4 (E.D.N.Y. Feb. 2, 2009) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)) (adopting report and recommendation).  "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award."  *Finkel v. Captre Elec. Supply Co.*, No. 14-CV-3584,

2015 WL 5316257, at *5 (E.D.N.Y. July 31, 2015) (quotations omitted), *report and recommendation adopted*, 2015 WL 5330388, at *1 (Sept. 11, 2015).

A. <u>Hourly Rate</u>

Turning first to the reasonable hourly rate, the Court first examines the experience and qualifications of counsel seeking the fee award.  In determining the lodestar, courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotations omitted).  "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848, 2022 WL 4646866, at *13 (E.D.N.Y. Aug. 29, 2022) (quotations omitted), *report and recommendation adopted*, 2022 WL 4662247, at *1 (Sept. 30, 2022).  "The burden is on the party moving for attorney's fees to justify the hourly rates sought." *Brown v. Green 317 Madison, LLC*, No. 11-CV-4466, 2014 WL 1237448, at *5 (E.D.N.Y. Feb. 4, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)), *report and recommendation adopted*, 2014 WL 1237127, at *1 (Mar. 25, 2014).  That is, "the fee applicant [has the burden] to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *see also Farbotko v. Clinton County*, 433 F.3d 204, 208 (2d Cir. 2005) ("The relevant community . . . is the district in which the court sits.").

Joshua D. Levin-Epstein ("Mr. Levin-Epstein") and Eunon Jason Mizrahi ("Mr. Mizrahi") of Levin Epstein & Associates, P.C., represent Plaintiffs and seek attorney's fees for themselves and their paralegal, Alexis Abrego ("Ms. Abrego"). (Pls.' Mem. of Law at 12–14).[9]

Mr. Mizrahi is an associate attorney at Levin-Epstein & Associates and requests an hourly rate of $350. (Pls.' Mem. of Law at 12–14; Mizrahi Decl. ¶¶ 1, 7). Mr. Mizrahi graduated from Brooklyn Law School in 2016, after which he practiced as an associate at a different firm concentrating in labor and employment law. (Mizrahi Decl. ¶ 7). The Court finds Mr. Mizrahi's rate excessive, as it is at the high end of what courts in this district award for work by senior associates in FLSA and NYLL cases. The Court finds that it is appropriate to award him an hourly rate within the range of that awarded to senior associates in this district. *See Jones v. Pawar Bros. Corp.*, No. 17-CV-3018, 2023 WL 6214213, at *7 (E.D.N.Y. Sept. 25, 2023) (noting the hourly rate range for senior associates in FLSA cases as $200 to $325) (collecting cases). The Court declines to award above-average fees to Mr. Mizrahi and finds an hourly rate of $325 appropriate.

Alexis Abrego is counsel's paralegal and requests an hourly rate of $50. (*See* Contemporaneous Billing Records). The Court finds it is appropriate to award the requested $50 per hour for Ms. Abrego. *See Calle v. Pizza Palace Cafe LLC*, No. 20-CV-4178, 2022 WL 609142, at *15 (E.D.N.Y. Jan. 4, 2022) (awarding $75 per hour for paralegal work).

---

[9] Plaintiffs include biographical information and a requested hourly rate for Mr. Levin-Epstein, but they do not provide contemporaneous time records of any hours expended by Mr. Levin-Epstein. Accordingly, the Court's calculations do not include any hours expended by Mr. Levin-Epstein. (*See* Contemporaneous Billing Records ("Contemporaneous Billing Records"), attached as Ex. B. to Mizrahi Decl., Dkt. No. 25-2).

B. <u>Hours Expended</u>

Turning to the reasonableness of time expended, courts look to the contemporaneous time records of the attorneys. The Second Circuit requires that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . document the application with contemporaneous time records." *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Those records "should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* To be contemporaneous, the time records "must be made . . . while the work is being done or . . . immediately thereafter." *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 249 (S.D.N.Y. 2010). "Descriptions of work recollected in tranquility days or weeks later will not do." *Id.* "The contemporaneous time records requirement is strictly enforced[.]" *Valentine v. Aetna Life Ins. Co.*, No. 14-CV-1752, 2016 WL 4544036, at *7 (E.D.N.Y. Aug. 31, 2016).

"[C]ourts are . . . expected to take into account their own familiarity and experience both 'generally' and with the particular case at hand, rather than attaining 'exactitude' with respect to each individual billing entry." *Concrete Flotation Sys., Inc. v. Tadco Constr. Corp.*, No. 07-CV-319, 2010 WL 2539771, at *7 (E.D.N.Y. Mar. 15, 2010) (citing *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)), *report and recommendation adopted*, 2010 WL 2539661, at *1 (June 17, 2010). "The court must assess whether the hours expended by plaintiff's counsel were reasonable, and exclude any hours that were excessive, redundant, or otherwise unnecessary to the litigation." *See Nuriddinov v. Masada III, Inc.*, No. 15-CV-5875, 2017 WL 9253401, at *12 (E.D.N.Y. July 24, 2017), *report and recommendation adopted*, 2018 WL 1251335, at *1 (Mar. 12, 2018). Courts have "the authority to make across-the-board percentage cuts in

hours as a practical means of trimming fat from a fee application." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (quotations omitted).

Counsel submitted contemporaneous billing records showing the legal services rendered for work performed, including the dates that the services were provided, the amount of time during which services were provided, and a brief description of each task performed. According to the billing records submitted, Mr. Mizrahi spent a total of 31.65 hours on this case, and Ms. Abrego spent 0.75 hours on this case. (Contemporaneous Billing Records at 5). Having reviewed the submitted time records, the Court finds these hours excessive and unnecessary and recommends an across-the-board percentage cut.

The Court finds 32.4 hours exceeds the number of hours regularly approved in FLSA and NYLL default judgment cases. *See, e.g.*, *Leon v. Chen*, No. 16-CV-480, 2017 WL 1184149, at *10 (E.D.N.Y. Mar. 29, 2017) (finding that 13.51 hours was reasonable in a FLSA/NYLL default judgment motion); *Zhang v. Red Mountain Noodle House, Inc.*, No. 15-CV-628, 2016 WL 4124304, at *7 (E.D.N.Y. July 4, 2016) (approving total of 22.1 hours in default judgment FLSA case), *report and recommendation adopted*, 2016 WL 4099090 (Aug. 2, 2016).

In light of the unnecessary hours spent and excessive number of hours requested for a FLSA default judgment case, the Court recommends that the total amount of hours be reduced by 15% across the board. This results in the following fee calculations, based upon the adjusted hourly rates:

|  | Mr. Mizrahi | Ms. Abrego |
|---|---|---|
| **Requested Billing Rate** | $350 | $50 |
| **Awarded Billing Rate** | $325 | $50 |
| **Requested Hours Billed** | 31.65 | 0.75 |
| **15% Reduction in Hours** | 26.9 | 0.64 |
| **Attorney's Fees** | $8,742.50 | $32.00 |
|  | **Total Attorney's Fees:** | **$8,774.50** |

The Court recommends $8,774.50 be awarded in attorney's fees.

C. <u>Costs</u>

Counsel also seeks reimbursement for $865.55 in costs consisting of $402 in filing fees, and $463.55 in service of process costs. (Pls.' Mem. of Law at 14; Cost Entries ("Cost Invoices"), attached as Ex. C to Mizrahi Decl., Dkt. No. 25-3). Under both FLSA and NYLL, a prevailing plaintiff is entitled to recover costs from the defendant. *See* 29 U.S.C. § 216(b); NYLL § 663(1). Ordinarily, plaintiffs may recover "[c]osts relating to filing fees, process servers, postage, and photocopying." *Teamsters Loc. 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008). Only those costs that are tied to "identifiable, out-of-pocket disbursements" are recoverable. *Moon v. Gab Kwon*, 99-CV-11810, 2002 WL 31512816, at *8 (S.D.N.Y. 2002) (quoting *Kuzma v. IRS*, 821 F.2d 930, 933–34 (2d Cir. 1987)).

Plaintiffs submitted invoices as evidence for each of the requested costs. (Costs Invoices). The filing fees are also supported by the docket entry that indicates that the filing fee was paid. (Dkt. No. 1); *see, e.g.*, *Shalto v. Bay of Bengal Kabob Corp.*, No. 12-

CV-920, 2013 WL 867420, at *2 (E.D.N.Y. Mar. 7, 2013) (holding that filing fees are recoverable without supporting documentation if verified by the docket). The Court deems these costs to be reasonable and recommends that Plaintiffs be awarded $865.55 in costs.

<u>CONCLUSION</u>

For the reasons stated above, it is respectfully recommended that default judgment be entered against Defendants Guardado and Giron and that Plaintiffs be awarded:

- $1,800.00 each in unpaid minimum wages ($3,600 total);

- $810.00 each in unpaid overtime wages ($1,620 total);

- $180.00 each in spread-of-hours wages ($360 total);

- $2,790.00 each in liquidated damages ($5,580);

- Pre-judgment interest in the amount of $0.69 per day between June 2, 2022 and the day judgment is entered;

- Post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961(a);

- $8,774.50 in attorney's fees; and

- $865.55 in costs.

The Court also recommends that claims for failure to provide wage statements, wage notices, and wage frequency claims be dismissed.  (*See supra* n.2).

Within 14 days of the adoption of this R&R, Plaintiffs are directed to show good cause for their failure to timely serve the Doe Defendant.  Failure to demonstrate such cause will result in dismissal without prejudice of the claims against the Doe Defendant.  *See supra* pp.1–2 n.1; Fed. R. Civ. P. 4(m) ("[T]he court . . . must dismiss the action without prejudice[.]").  Alternatively, Plaintiffs may voluntarily dismiss the Doe Defendant.  *See Animas v. Balcon Quiteno Inc.*, No. 14-CV-3763, 2016 WL 1271478, at *2 (E.D.N.Y. Mar. 30, 2016).

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report.  Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

Plaintiffs are directed to serve a copy of this Report and Recommendation on Defendants and file proof of such service on the docket.

SO ORDERED.

*/s/ Sanket J. Bulsara*  August 15, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York